Reese, J.
delivered the opinion of the court.
This bill is filed by certain creditors of defendant Robinson, to set aside conveyances made by Robinson to Hutchins, in trust for the separate use of Mrs. Robinson, on the ground of fraud. The answers deny the fraud, and set forth an ante-nuptial contract, which is exhibited,' and stipulates, that the then property of the intended wife, shall, after marriage, continue to be her own, free from the debts of the husband; and the answers state, that the husband, after the marriage, received in the State of Kentucky, from the. executor of the wife’s former husband, six or seven thousand dollars, which were applied to the payment of the husband’s pre-existing debts, in consequence of which the conveyances in question, were made.
The proof shows these allegations to be true, and that the marriage contract, the reception of the money in Kentucky, and the conveyances from Robinson to Hutchins,-the trustee of the wife, all took place before the complainants obtained their judgments. The validity of the registration of the conveyances to Hutchins is not called in question.
The Chancellor decreed that those conveyances were not fraudulent, but, on the contrary, were fair, and sustained by a good and valuable consideration. The bill was dismissed, and the complainants have appealed to this court.
And it is contended in their behalf here, not that the conveyances to Mrs. Robinson are fraudulent and void, as contrary to the statutes of Elizabeth, but that the ante-nuptial contract has not been properly registered, according to the manner directed in the 2d section of the act of 1831, ch. 90; and said contract being as if unregistered altogether, the said act makes it void against the creditors of the husband, and also the conveyances founded upon the rights which it created.
Wo are not called upon, as this case presents itself to our minds, to determine whether the'registration in question be valid by the terms of the 2d section of the act of 1831: and, if valid, what construction is to be given to that act, in reference to the creditors of the husband: because,
1st. The property in question does not belong to the wife by *446 operation of the marriage contract, but by force of the conveyances to her trustee, and if those conveyances are founded upon good considerations, and the property at the time of the conveyances was unaffected by liens of the complainants, the complainants will not be entitled to set them aside, although able to show, that the marriage contract was not so registered, as to repel the claims.
2d. Because, if there had been no marriage contract in this case, the marital rights of the husband would not have attached to the wife’s distributive share in Kentucky; and that fund the husband could by no act of his own reduce into possession: it could not be approached by his creditors, and he could only have come into its possession by the act of his wife. It was a fund, which a Court of Chancery, at the instance of the wife, would have settled upon her, even if the husband had been overwhelmed with judgments and executions: and, the rather, because so overwhelmed. If, then, the husband, by virtue of a marriage settlement — good as between husband and wife at all events — gets into possession, for her benefit, her funds, not passing to him by operation of the marital right, under a promise to vest it for her separate benefit, and does so; upon what ground can any creditors of the husband, and especially creditors having, at the time of the conveyance, no legal advantage by operation of judgment aliens seek in a Court of Chancery to divest the wife of her legal and equitable estate? Surely there is no principle to be found in the act of 1831, or elsewhere, to sustain such a claim. On the contrary, it seems to us, that the claim is repelled by every principle of justice and equity.
Creditors are favorites of a Court of Chancery, and will be aided in the collection of their just debts, but only from those who justly owe them. The wife, with reference to her separate property, is not the debtor of the husband’s creditors, and such separate property, honestly and fairly the wife’s, a Court of Chancery will anxiously protect.
Let the decree be affirmed.